ON RETURN TO REMAND
TYSON, Judge.
Pursuant to this court’s opinion of May 11, 1990, 563 So.2d 1074, in this cause, the Circuit Court of Houston County has complied and filed its return in this court. The attorney general has also filed a brief in this court, as directed, as to the issues raised by the appellant in his appeal.
The appellant was seeking relief from his four convictions in the Circuit Court of Houston County, Alabama, by way of a petition filed under Rule 20, A.R.Crim.P. Temp.
The State’s brief points out, and the trial court’s order affirmatively reflects, that the appellant was asserting that he was not properly advised of his right to apply for youthful offender treatment prior to each of the four cases being brought before the trial court.
At the Rule 20 proceeding, however, the trial judge permitted the appellant, Saffold, to retroactively apply for youthful offender status. After such application in each cause, the judge denied the application, after considering Saffold’s situation as it existed at the time of his plea in each case. This is affirmatively reflected in the supplemental transcript.
Appellant also sought to assert ineffective assistance of counsel and asserted this was in part true because he was never apprised of his youthful offender rights.
Pursuant to the order of remand, the circuit court has entered its opinion in this cause:
“IN THE CIRCUIT COURT OF
“HOUSTON COUNTY, ALABAMA
“State of Alabama
“Plaintiff
“vs.
“Kevin Saffold
“Defendant
“Case Nos.: CC-86-909;
“CC-87-663; CC-88-340;
“CC-87-936;
“ORDER
“In accordance with the Court of Criminal Appeals Order of May 11, 1990, in this cause, the following specific findings are hereby enumerated:
“(1) As to Case No. CC-86-909 the Court finds that the said offense took place on June 9, 1986, and that Petitioner was indicted on December 12, 1986, for Possession of Cocaine. As of December 12, 1986, Petitioner had an extensive juvenile record; a conviction on December 18, 1985 for Criminal Mischief in Case No. CC-85-660; a conviction on December 18, 1985 for Promoting Prison Contraband in Case No. CC-85-669; and a charge of Unlawful Breaking and Entering a Motor Vehicle which was nol-prossed. Based on the above, Petitioner is hereby denied Youthful Offender Status.
*1364 “(2) As to Case No. CC-87-663, Petitioner was indicted by the August, 1987, Grand Jury for Assault Second. At the time of this indictment, Petitioner had a charge of Harassment, which was nol-prossed on March 30, 1987; a charge of Theft in Callihan, Texas, on July 31, 1986; and a Breach of Peace charge on January 1, 1986, in addition to the above charges enumerated in Case No. CC-86-909. Based on the foregoing Petitioner is denied Youthful Offender Status.
“(3) As to Case No. CC-87-936, on August 8,1987, Petitioner was charged with Possession of Cocaine. At the time of this charge, Petitioner had the prior record of arrest and convictions enumerated in Case Nos. CC-86-909 and CC-87-663. Accordingly, Application for Youthful Offender is denied.
“(4) In Case No. CC-88-340: On June 7, 1988, Petitioner pled guilty to Selling Cocaine and received a twelve year sentence to run consecutive with Case No. CC-87-663. As of June 7, 1988, Petitioner had the prior arrest record enumerated above and his Youthful Offender Application is denied.
“(5) As to Petitioner’s claim of ineffective assistance of counsel: In Case No. CC-86-909, the Court finds that proper motions were filed and argued by Petitioner’s attorney and the Court can find no evidence that Petitioner received incompetent counsel. In fact, the Court hereby attaches a copy of the Case Action Summary which indicates the numerous motions filed on behalf of Petitioner. Basically, Petitioner’s case was a factual one involving the testimony of the arresting officer as opposed to Petitioner’s testimony. In fact, the Court did not see how any further investigation by Petitioner’s attorney would have changed the facts.
“(6) As to Case No. CC-87-663, Petitioner was charged with Assault Second and pled guilty before Judge Edward Jackson on June 7, 1986. The Court can find no evidence where Petitioner was prejudiced by incompetent counsel in this case and a copy of the Case Action Summary is attached.
“(7) As to Case No. CC-87-936; In this case Petitioner was found guilty of Possession of Cocaine by a Jury on February 23, 1988, and he alleges the ineffective assistance of counsel Hon. Bruce Adams. The Court finds that Petitioner’s attorney failed to make a Batson motion prior to the swearing and impaneling of the Jury. However, the Court also finds that the prosecution offered reasons for striking the three blacks on the venire. Those reasons were as follows: “Number 15, D.C. was struck because he was twenty-two (22) years of age, male, and single. (R. pp. 5-6).
“Number 28, L.B.G., had, by her manner and dress, indicated to the prosecutor that she would not favor the State in a drug prosecution. (R. p. 6) In addition, she was born in 1966, making her about one year younger than the Appellant. (R. p. 7)
“L.M. was struck because there was very little information provided, other than the person’s age. (R. p. 6) The person’s age, which compared to that of Appellant, was also a reason for the strike. (R. p. 9)
“The Court finds that the above reasons (although weak) are sufficient race-neutral reasons for striking the black jurors. In light of the overwhelming and uncon-tradicted evidence against Petitioner, the Court cannot find Petitioner was prejudiced by defense counsel’s failure to make a timely Batson motion.
“(8) As to Case No. CC-88-340: In this case Petitioner pled guilty to Selling Cocaine on June 7, 1988, before the Honorable Edward Jackson and received a twelve year sentence to run concurrent with the sentence in Case No. CC-87-663. This plea was entered pursuant to a plea bargain with the State and the Court cannot find any prejudicial error regarding Petitioner’s claims of ineffective assistance of counsel.
“For the foregoing reasons, the Rule 20 Petition herein is hereby denied.
*1365 “DONE and ORDERED this 7th day of
June, 1990.
‘7s/ Denny Holloway
“Circuit Judge”
(R. 4-6)
This court has carefully examined this record and the order of the circuit court hereinabove set forth. We find the appellant’s allegations to be absolutely without merit. There is no violation of either prong of Strickland v. Washington with reference to his claim of ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
We also find that there is no basis for a claim of ineffective assistance of counsel with reference to this appeal. See Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985).
We have also carefully examined this record under the standards of Hill v. Lock-hart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), with reference to the alleged guilty pleas entered in circuit court. Having examined this record carefully, we find no violation of appellant’s constitutional rights.
For the reasons herein shown, this cause is due to be and the same is, hereby, affirmed.
AFFIRMED.
All the Judges concur.